IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY BARNES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0849-G-BD |
| | § | |
| DILLARD'S DEPARTMENT | § | |
| STORE, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Dillard's Department Store, Inc. ("Dillard's") and Arrow Financial Services, LLC ("Arrow") have filed separate Rule 12(b) motions to dismiss this *pro se* civil action brought by Plaintiff Tammy Barnes. In her amended complaint, plaintiff alleges that Dillard's wrongfully obtained a default judgment against her in 1993 for a debt charged on a credit card that belonged to someone else. The judgment was reissued in 2003 and filed in the public record. According to plaintiff, Dillard's "intentionally and voluntarily" filed suit against her knowing that she was not legally responsible for the underlying debt, thereby damaging her "credit worthiness, credit standing, credit capacity, and general reputation[.]" (*See* Plf. Am. Compl. at 1-2). In 2009, after learning that the default judgment and credit card account had been sold to Arrow, plaintiff allegedly paid Arrow $550 to settle the delinquent account, to remove the charge-off from her credit reports, and to remove the default judgment from the public record. However, Arrow allegedly failed to comply with its obligations under the agreement. Although plaintiff does not specify the nature of her claims against the defendants, she wants Dillard's to pay her $250,000 and to remove the default judgment from the public record. (*Id.* at 2). Plaintiff seeks $75,500 from Arrow and an order removing the charge-off

from her credit reports. (*Id.*).¹ The case is before the court on a Rule 12(b)(1) & (6) motion filed by Dillard's and a Rule 12(b)(6) motion filed by Arrow. The issues have been briefed by the parties, and the motions are ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id., quoting* FED. R. CIV. P. 8(a)(2).

As one of its grounds for dismissal, Dillard's argues that plaintiff cannot use this lawsuit to collaterally attack a valid state court judgment. (*See* Dillard's Mot. at 2, ¶ 5). This argument implicates the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing, modifying,

---

¹ Federal jurisdiction is proper because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

or nullifying final orders of state courts. *See Mosley v. Bowie County*, 275 Fed.Appx. 327, 329, 2008 WL 1805514 at *2 (5th Cir. Apr. 22, 2008). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, *quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). This jurisdictional bar is not limited to those actions which explicitly seek review of a state court decision. As the Fifth Circuit noted:

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision[.]"

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994), *citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317-18 (5th Cir.), *cert. denied*, 115 S.Ct. 271 (1994). A claim is "inextricably intertwined" with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989), *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

Plaintiff sues Dillard's for initiating legal proceedings against her based on a debt owed by someone else. As relief, plaintiff seeks $250,000 as compensation for damage to her credit rating and wants the resulting default judgment removed from the public record. In order to prevail on her claims against Dillard's, plaintiff must necessarily attack the validity of the default judgment, which is prohibited by the *Rooker-Feldman* doctrine. Consequently, the claims against Dillard's should be dismissed for lack of subject matter jurisdiction.

The court reaches a different conclusion with respect to plaintiff's claims against Arrow. Liberally construed, plaintiff appears to sue Arrow for breaching an agreement to settle the delinquent account, to remove the charge-off from her credit reports, and to remove the default judgment from the public record. Plaintiff allegedly paid $550 to settle the account, but Arrow failed to comply with its obligations under the agreement. Without suggesting a view of whether dismissal may be proper in another procedural context, such as a motion for summary judgment, the court determines that plaintiff has alleged sufficient facts in her amended complaint to state a claim for breach of contract against Arrow.

## **RECOMMENDATION**

Defendant Dillard's Department Store, Inc.'s motion to dismiss [Doc. #22] should be granted. All claims against this defendant should be dismissed for lack of subject matter jurisdiction. Defendant Arrow Financial Services, LLC's motion to dismiss [Doc. #20] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE